104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
David Golia PALADIN, Plaintiff-Appellant,
v.
Frank FINNERTY, Chief Counsel; Lawton Squires, Assistant
Counsel; Ruthann Geary, Assistant Counsel; Catherine T.
England, Chairwoman for the Second Judicial Department's
10th Judicial District, in their official and individual
capacities, and in their successors in interest; Victor
Levin and Michael F. Sperendi, former Chairmen of the
Committee on Grievances, Bar Association of Nassau County,
New York, Inc., in their official and individual capacities,
and in their successors in interest; Robert H. Straus,
Chief Counsel, New York State Grievance Committee for the
Second Judicial Department's 10th and 11th Judicial
Districts, in his official and individual capacity and in
his successor in interest; Gary Casella, Chief Counsel for
the New York State Grievance Committee for the Second
Judicial Department's 9th Judicial District, in his official
and individual capacity and in his successor in interest;
Honorable Guy J. Mangano, Presiding Justice in his capacity
as Chief Administrative Officer of the Second Judicial
Department, in his individual and official capacity and in
his successor in interest; Mark Ochs, Chief Attorney,
Committee on Professional Standards for the Third Judicial
Department, in his individual and official capacity and in
his successor in interest; Honorable A. Franklin Mahoney,
Presiding Justice in his capacity as Chief Administrative
Officer of the Third Judicial Department in his official and
individual capacity and in his successor in interest;
Gerald Larusso, Chief Attorney, Attorney Grievance Committee
for the Fourth Judicial Department, in both his official and
individual capacity and in his successor in interest;
Honorable John Callahan, Acting Presiding Justice in his
capacity as Chief Administrative Officer of the Fourth
Judicial Department, in his official and individual capacity
and in his successor in interest; Hal R. Lieberman, Chief
Counsel, Department Disciplinary Committee for the First
Judicial Department, in his official and individual capacity
and in his successor in interest; Honorable Francis T.
Murphy, Presiding Justice in his capacity as Chief
Administrative Officer of the First Judicial Department, in
his official and individual capacity and in his successor in
interest; Matthew T. Crosson, Chief Administrator of the
Courts for the State of New York ("Office of Court
Administration" or "OCA"), in his official and individual
capacity and in his successors in interest, Defendants-Appellees.
 No. 96-7463.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York (Gleeson, J.).
 APPEARING FOR PLAINTIFF-APPELLANT: DAVID GOLIA PALADIN, ESQ., Mineola, NY, pro se. APPEARING FOR DEFENDANTS-APPELLEES: ROBERT K. DRINAN, Assistant Attorney General (Dennis C. Vacco, Attorney General) Mineola, NY.
 E.D.N.Y.
 AFFIRMED.
 Before VAN GRAAFEILAND, JACOBS and CALABRESI, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued pro se.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 David Golia Paladin appeals from an order of the Eastern District of New York (Gleeson, J.), denying his motion for summary judgment and granting defendants' motion for summary judgment.
 
 
 1
 Paladin is a lawyer admitted to the New York Bar. His lawsuit arises out of two letters of caution sent by the New York State Grievance Committee for the Tenth Judicial District. In the Second Judicial Department of New York, the Grievance Committee is authorized to investigate complaints against lawyers, 22 NYCRR § 691.4(c), and may issue letters of caution when it believes that a lawyer has "acted in a manner which, while not constituting clear professional misconduct, involved behavior requiring comment." 22 NYCRR § 691.6(a). A letter of comment is not a disciplinary measure, and remains confidential, NYCRR § 605.8(b)(2)(II), but may be considered in future disciplinary or fitness actions, 22 NYCRR § 691.6(c). Final decisions of the Grievance Committee may be appealed to the Appellate Division, N.Y. Jud. Law § 90(6), the New York Court of Appeals, and the United States Supreme Court, Mildner v. Gulotta, 405 F.Supp. 182, 196, 197 (E.D.N.Y.1974).
 
 
 2
 Paladin's first letter of caution stems from his representation of Peter Lawrence in matters related to a parole revocation hearing. Lawrence filed a formal complaint against Paladin with the Grievance Committee in March of 1987, alleging misrepresentation, unprofessional conduct, and ineffective assistance of counsel. The Grievance Committee reviewed the matter and issued a letter of caution on November 3, 1988, primarily because Paladin had threatened his client by letter with an adverse outcome in the parole revocation hearing as a result of Lawrence's grievance filing.
 
 
 3
 Paladin appealed for reconsideration of the letter on November 28. The Grievance Committee instituted formal charges and set a hearing date, but Paladin withdrew the request before the hearing took place. Paladin pursued no further appeal.
 
 
 4
 The second letter of caution resulted from Paladin's failure to re-register with the Office of Court Administration, as required by N.Y. Jud. Law § 468(a). The Grievance Committee initiated a sua sponte complaint on this basis on December 7, 1988. On December 23, 1988, Paladin wrote a check for the overdue amount, which was cashed on January 11, 1989. Because Paladin was required to re-register in July 1988, but did not do so until December at the earliest, the Grievance Committee sent Paladin a second letter of caution on March 17, 1989. The Chief Counsel to the Committee indicated at his deposition that the complaint concerning the failure to re-register would have been dismissed in its entirety if only Paladin had appealed the resulting letter of caution, which Paladin never did.
 
 
 5
 Instead, Paladin filed a complaint in the Eastern District of New York, alleging that the Grievance Committee's issuance of the two letters of caution violated a bunch of constitutional rights, including due process, equal protection, the First Amendment, and the Sixth Amendment. In an Memorandum and Order dated March 28, 1996, the district court granted defendants' motion for summary judgment, denied Paladin's cross-motion for summary judgment, and denied Paladin's request for injunctive relief. This appeal followed.
 
 
 6
 On appeal, Paladin reiterates many of the arguments he made before the district court. He contends that the district court failed to recognize that: 1) the letters of caution deprived him of protected property rights without due process of law; 2) the differences in disciplinary rules and procedures among the four departments deprived him of equal protection; 3) the second letter of caution amounted to retaliation for his questioning of the procedures of the first letter of caution, in violation of the First Amendment; and 4) the Grievance Committee's non-disclosure of the complainant's identity violated Paladin's Sixth Amendment right of confrontation.
 
 
 7
 In order to make out a due process violation, Paladin must 1) identify a constitutionally cognizable right, 2) show that the state has deprived him of that right, and 3) show that the deprivation was effected without due process. Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir.1994); Mehta v. Surles, 905 F.2d 595, 598.
 
 
 8
 Paladin argues that he was deprived of his "quasi-property right to notice and an opportunity to be heard at the outset." Because he did not raise this argument below, we do not address it. He argued below that his right to a license to practice law constitutes a protected property interest. We need not address the question of whether a license to practice law can be a property right, because this right was never at stake. The letters of caution did not deprive Paladin of any such right. To the extent that he was anxious about such a future possibility, he was free to proceed with the hearing afforded by the Grievance Committee's procedures. At oral argument, Paladin said that he abandoned that avenue of relief because he viewed the second letter of caution as retaliation for his having dared to question the first letter of caution. This is nonsense. It is undenied that Paladin indeed failed to re-register with the OCA in a timely manner; it cannot be said that there was any impropriety on the part of the Grievance Committee in enforcing that requirement. Lawyers cannot insist or require that the Grievance Committee consider their defaults and shortcomings one at a time.
 
 
 9
 Finally, if the second letter of caution violated the First Amendment, as Paladin asserted at argument, he was free to pursue relief under Article 78 of the New York Civil Practice Law and Rules. Paladin offers no explanation for his failure to do so. Under these circumstances, there is no reason to believe that there was the slightest failure of due process in this case regarding either the first or second letter of caution. Paladin's Equal Protection and Sixth Amendment claims are no better.
 
 
 10
 We have examined all of Paladin's contentions, and find them to be without merit. For the reasons set forth above, the judgment of the district court is AFFIRMED.